IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOHN WERNER                                                                                           PLAINTIFF

VS.                                                                                            No. 1:05cv50-D-D

LANDSTAR LLC, ET. AL                                                                         DEFENDANTS

OPINION GRANTING MOTION TO DISMISS

Presently pending before the Court is Defendant Bill Elliott's motion to dismiss for lack of personal jurisdiction. Upon due consideration, the Court finds that the motion shall be granted.

*A.  Factual Background*

The Plaintiff initially filed this action on January 13, 2005, in the Circuit Court of Tishomingo County, Mississippi. John Werner was employed by Defendant Landstar LLC, as a subcontractor and acting as its agent for several month in 2003. On December 15, 2003, the Plaintiff applied to become to become a permanent employee of Landstar.

The Plaintiff alleges that on March 18, 2004, Defendant Bill Ball sent an email to Doug Harbison regarding John Werner of Burnsville, Mississippi, as a potential agent for Landstar. The Plaintiff alleges that email was then sent to Defendant Bill Elliott, regional manager of Landstar. The Plaintiff further alleges that Elliott forwarded that email to various persons within the Landstar organization. The alleged email made various allegations as to the Plaintiff's credit history, employment history, and his financial dealings with persons known to Bill Ball and Bill Elliott. The Plaintiff claims that this email was the reason he was not hired by Landstar.

The Plaintiff filed this action stating that Defendants Bill Ball, Bill Elliott, and Julie LeMieux tortiously interfered with Plaintiff's employment contract. In addition, he claims that those three

defendants intentionally caused him mental and emotional distress. The Plaintiff also claims that Defendants Bill Ball, Bill Elliott, and Julie LeMieux made slanderous statements about him and his work which caused Landstar not to employ the Plaintiff and was also a reason he lost other contracts. Finally, the Plaintiff alleges that Landstar negligently supervised its employees and should have known of Bill Ball, Bill Elliott, and Jule LeMieux's slanderous behavior.

Defendant Bill Elliott now moves this Court to dismiss this action for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Elliott claims the following: (1) that he is not a citizen of Mississippi; (2) has only been to Mississippi once for five days in August and September 2005, to work pursuant to a Landstar contract with the Federal Emergency Management Agency; (3) that work done while in Mississippi was not in relation to Landstar's business relationship with John Werner; (4) that he has never transacted business in Mississippi; (5) that he has never entered into a contract with a resident of Missisippi; (6) that he has never entered into a contract to be performed in whole or in part in Mississippi; (7) that he has never committed a tort in whole or in part in Mississippi; (8) that he never had a contract with John Werner; and (9) that he does not own any property in Mississippi. For the following reasons, Elliott asks this Court to dismiss him from this action due to lack of personal jurisdiction. The Plaintiff has not responded to this motion.

*B. Discussion*

Defendant Bill Elliott is not a Mississippi resident and asserts that this Court lacks personal jurisdiction over him. When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant. Allred v. Moore & Peterson, 117 F.3d 278, 281 (5th Cir. 1997). The plaintiff satisfies this burden by presenting a prima facie case that the court may properly exercise personal

jurisdiction over the defendant under both the Mississippi long-arm statute and the due process principles of the Fourteenth Amendment to the United States Constitution.  Allred, 117 F.3d at 281; Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999).  In determining whether the plaintiff has met this burden, the Court must accept as true the uncontroverted allegations in the Plaintiff's complaint and must resolve all factual conflicts in favor of the

Plaintiff.  Latshaw, 167 F.3d at 211.

In federal diversity actions, the reach of federal jurisdiction over non-resident defendants is measured by a two-step inquiry.  First, the law of the forum state must provide for the assertion of jurisdiction; second, the exercise of jurisdiction under state law must comport with the dictates of the Fourteenth Amendment's Due Process Clause.  Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir. 1985).

1.  Mississippi Long-Arm Statute

Mississippi's long-arm statute, codified at Section 13-3-57 of the Mississippi Code, spells out the circumstances under which Mississippi's courts may properly exercise in personam jurisdiction.  The Statute provides:

> Any nonresident person, firm, general or limited partnership or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole of in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall be such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57.

In Mississippi, a tort is not considered complete until an injury has occurred; if the injury occurs in the state, the tort is committed, at least in part, in this state, and the exercise of in personam

jurisdiction of the nonresident tortfeasor is appropriate. Allred, 117 F.3d at 282; Mize v. Harvery Shapiro Enters., Inc., 714 F. Supp. 220, 222-23 (N.D. Miss. 1989). Since injury is a necessary element of a tort, where an injury results in the State of Mississippi, then a tort is considered to have been committed in part in Mississippi. Sorrells v. R & R. Custom Coach Works, 636 So. 2d 668, 672 (Miss. 1994). See Tellus Operating Group, LLC., v. R & D Pipe Co., 377 F. Supp. 2d 604, 607 (S. D. Miss. 2005); Thrash Aviation, Inc. v. Kelner Turbine, Inc., 72. F. Supp. 2d 709, 714 (S. D. Miss. 1999). Here, the Plaintiff has alleged that Defendant Bill Elliott committed tortious interference with an employment contract and slander per se. The Plaintiff also alleges that Bill Elliott intentionally inflicted mental and emotional distress by slandering his good name in the business community. The Plaintiff alleges that Bill Elliott's participation in an email and slanderous behavior amounts to committing a tort in whole or in part in Mississippi.

In reviewing the Plaintiff's allegations, the Court finds that Plaintiff's allegations are sufficient to establish a prima facie case of personal jurisdiction under the "tort" prong of the Mississippi long-arm statute. Thompson, 755 F.2d at 1168. Brown v. Flowers Indus. Inc., 688 F.2d 328, 333 (5th Cir. 1982). The Plaintiff has alleged that he suffered an injury in the State of Mississippi as a result of Defendant's actions. The Plaintiff claims loss of income, loss of benefits, costs of seeking other employment, emotional distress, mental pain and suffering, and loss of his reputation in the community and business community. Because the Plaintiff is a resident of Mississippi at the time of the tort, the Court finds that his injuries occurred in Mississippi. In light of an injury occurring in Mississippi and pursuant to Mississippi's long-arm statute, the Court finds that its exercise of personal jurisdiction over the subject Defendants is appropriate.

2. The Fourteenth Amendment's Due Process Clause

The Court's determination that it has personal jurisdiction over Bill Elliott pursuant to the

Mississippi long-arm statute does not end the Court's inquiry into whether personal jurisdiction is proper. The Court must now determine whether this Court's exercise of in personam jurisdiction of this Defendant comports with the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant only when that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state such that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945).

The United States Supreme Court defined minimum contacts as those activities that will "support an inference that the nonresident defendant purposefully availed [itself] of the benefits of conducting business in the forum state." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980); Thompson, 755 F.2d at 1170; see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473-74, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (holding that "[w]here individuals 'purposefully derive benefit' from their interstate activities, it may well be unfair to allow them to escape having to account in other States for consequences that arise proximately from such activities; the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed."). The defendant's contacts with the forum state, however, must be such that he "should reasonably anticipate being haled into court" in the forum state. World-Wide Volkswagen, 444 U.S. at 297.

The minimum contacts prong of the inquiry may be further subdivided into contacts that give rise to either "general" or "specific" jurisdiction over a nonresident defendant. Helicopteros Nacionales de Columbia S.A. v. Hall, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 (1984). General jurisdiction applies where a defendant's activities in the state are "substantial" or

"continuous and systematic" even if the cause of action is unrelated to those activities. Helicopteros, 466 U.S. at 414.

When the exercise of general jurisdiction is inappropriate, as it appears here, a court may exercise specific jurisdiction if the suit "is related to or arises out of" the defendant's contacts with the forum state; even a single purposeful contact may be sufficient. Helicopteros, 466 U.S. at 414; Thompson, 755 F.2d at 1172; Brown, 688 F.2d at 333-34. Likewise, an action done outside the state that has consequences within the state will suffice as a basis for jurisdiction in a suit arising from those consequences if the defendant knew that its acts would have an impact on the plaintiff in the forum state or if it was highly likely that such effects would follow from the nonresident defendant's conduct. Calder v. Jones, 465 U.S. 783, 789-90, 104 S. Ct. 1482, 1487, 79 L. Ed. 2d 804 (1984). The Court now turns to the Plaintiff's specific allegations concerning the Defendant's activities in Mississippi.

The Plaintiff's complaint is fairly concise and did not allege any of the Defendant's specific contacts with the State of Mississippi. In addition, the Plaintiff failed to respond to the Defendant's motion to dismiss and use that opportunity to inform the Court how the Defendant purposefully availed himself to the benefits of the State of Mississippi. The Court notes that the United States Supreme Court has found that publication of defamatory statements can rise to sufficient contacts when those statements were expressly aimed at the forum state and the nonresident defendants knew that their conduct would have an impact on the plaintiff in the forum state. See Calder v. Jones, 465 U.S. at 787-790, 104 S. Ct. at 1486-87; Brown v. Flowers Indus. Inc., 688 F.2d 328, 333 (5th Cir. 1982) *cert. denied*, 460 U.S. 1023, 103 S. Ct. 1275, 75 L. Ed. 2d 496 (1983). In Allred, the Fifth Circuit adopted the Seventh Circuit's reasoning that the effects of an intentional tort must be considered in an analysis of the defendant's contacts with the forum. 177 F.3d at 287; (*citing*

Wallace v. Herron, 778 F.2d 391, 395 (7th Cir. 1985), *cert. denied*, 475 U.S. 1172, 106 S. Ct. 1642, 90 L. Ed. 2d 187 (1968)).  The Seventh Circuit held that "Whether these effects, either alone of in combination with other contacts, are sufficient to support in personam jurisdiction will turn upon the particular facts of each case."  Wallace, 778 F.2d at 395.

In the case *sub judice*, the alleged publication took effect in the State of Florida.  The Plaintiff loosely stated that the Defendants' actions damaged his reputation in the business community and caused him loss of income.  The Court assumes that the Plaintiff alleges he was damaged in Mississippi.  However, Defendant Bill Elliott has only one other contact with the State of Mississippi.  That contact involved contract work during the Hurricane Katrina crisis and occurred after the filing of this suit.  Therefore, in light of the rulings in Allred and Wallace and the fact the Plaintiff alleged no other contacts, the Court finds that Defendant Bill Elliott does not have sufficient contacts with the State of Mississippi to have purposefully availed himself to the benefits of this State.  Therefore, the Court finds that it lacks personal jurisdiction over this Defendant.

### *C. Conclusion*

In light of the foregoing discussion, the Court finds that Defendant Bill Elliott lacks sufficient minimum contacts with the State of Mississippi to anticipate being haled into this Court.  Therefore, the Court finds that it lacks in personam jurisdiction over this Defendant.  Thus, Plaintiff's claims against Bill Elliott shall be dismissed.

A separate order in accordance with this opinion shall issue this day.

This the 18th day of April 2006.

/s/ Glen H. Davidson  
Chief Judge